IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

DELORES TAYLOR and
LATISHA WILLIAMS;

Plaintiff,

v.

ATLANTA HOUSING AUTHORITY and
RENEE GLOVER, in her official
capacity as CEO of the Housing
Authority for the City of Atlanta,
Georgia,

Defendants.

CIVIL ACTION

FILE NO. _____

## COMPLAINT

### I. INTRODUCTION

1.  This is an action for injunctive and monetary relief due to the Defendants unlawful denial of Plaintiffs' Section 8 housing assistance. Plaintiffs are tenants at Landrum Arms, a project-based housing community. The Project-based Section 8 subsidy contract at Landrum Arms has ended, so Defendants were given Section 8 tenant-based vouchers to issue to Landrum Arms tenants. This was in compliance with Congressional intent that replacement housing be provided to tenants at Project-based Section 8 complexes when the subsidy contract ends. The Defendants, however, refused to give Plaintiffs vouchers under their screening procedures. Defendants actions violate the United States Housing Act, the federal regulations implementing the Act, the Defendants' administrative rules, and the Plaintiffs' right to due process of law. The Plaintiffs seek

temporary, preliminary, and permanent injunctive relief, a declaratory judgment, and monetary damages.

## II. JURISDICTION

2. The Superior Court has general jurisdiction pursuant to O.C.G.A. § 15-6-8 (1) and jurisdiction to grant declaratory relief pursuant to O.C.G.A. § 9-4-2.

## III. VENUE

3. Venue in this Court is proper because the Defendants are located and transact their official business in Fulton County.

## IV. PARTIES

4. Plaintiff **DELORES TAYLOR** is a citizen of the United States and a resident of Fulton County, Georgia. She lives with her son, age 16, and her two daughters, ages 14 and 4 months, in formerly project-based housing at Landrum Arms.

5. Plaintiff **LATISHIA WILLIAMS** is a citizen of the United States and a resident of Fulton County, Georgia. Up until very recently, she lived with her nephew, age 6, in formerly project-based housing at Landrum Arms.

6. Defendant **ATLANTA HOUSING AUTHORITY**, (hereinafter "Defendant AHA") is a Georgia corporation doing business in Fulton County, Georgia, which includes the City of Atlanta, and is a local public housing authority created pursuant to O.C.G.A. ' 8-3-4 (Michie 1989). As such, it administers public housing and other federally subsidized housing programs in Fulton County and the City of Atlanta authorized by federal and state law and is capable of suing and being sued pursuant to O.C.G.A. Section 8-3-30(a)(1).

7. Defendant **RENEE GLOVER** (hereinafter "Defendant Glover") is, and at all times relevant hereto has been, the CEO of the Atlanta Housing Authority. She is sued in her official capacity as CEO. She may be personally served with process at her business office at 230 John Wesley Dobbs Avenue, Atlanta, Georgia 30303.

## V. LEGAL FRAMEWORK

### Federally Subsidized Housing

8. Pursuant to 42 U.S.C.A. § 1437f(t)(2) and Section 524(d) of the Multifamily Assisted Housing Reform and Affordability Act of 1997, tenants at a Project-based Section 8 project become eligible for "enhanced vouchers" when the subsidy contract at a Project-based Section 8 apartment complex ends. Enhanced vouchers are Section 8 tenant based vouchers that are enhanced in that they allow tenants to stay in the apartment complex at which they live with their Section 8 and keep the same rent rate.

9. Congress enacted the United States Housing Act "to remedy the unsafe and unsanitary housing conditions and the acute shortage of decent, safe, and sanitary dwellings for families of lower income. . . ." 42 U.S.C. § 1437 (West 1994 & Supp. 2001). The Act, as amended, established several different federally subsidized housing programs to fulfill these objectives, among them the Section 8 Housing Choice Voucher Program (hereafter "Section 8") and the public housing program. 42 U.S.C. § 1437f (West 1994 & Supp. 2001).

10. Congress empowered and directed a federal agency, now known as the United States Department of Housing and Urban Development (hereafter "HUD"), to

administer federal financial assistance for this housing. Toward this end, it authorized the Secretary of HUD to provide federal subsidies to local public housing authorities (hereafter "PHAs") to help finance operation of the Section 8 and public housing programs. 42 U.S.C. §§ 1437b, 1437c and 1437f. (West 1994& Supp. 2001). Congress also authorized HUD to promulgate regulations to administer the Section 8 and public housing programs. These regulations respectively are codified at 24 C.F.R. Parts 982 and 901 et. seq. (2001).

11. Defendant AHA entered into a Moving to Work Agreement with the U.S. Department of Housing and Urban Development in 2003, with the stated purpose of giving Defendant AHA flexibility to design and test various approaches to providing housing assistance. Section 204(b) of P.L. 104-134.

12. According to federal law, Section 8 tenants have a constitutionally protected property right in an expectation of continued receipt of rent subsidies. Jeffries v. Georgia Residential Finance Authority, 678 F.2d 919, 925 (11th Cir. 1982).

## VI. FACTS

### LANDRUM ARMS

13. In February 2005, Landrum Arms sent its tenants letters that stated that the apartment complex had failed a HUD required inspection. The letter stated the tenants would have the opportunity to meet with representatives from the Atlanta Housing Authority and HUD.

14. After the meeting, most Landrum Arms tenants were given vouchers pursuant to 42 U.S.C.A. § 1437f(t)(2) and Section 524(d) of the Multifamily Assisted

4

Housing Reform and Affordability Act of 1997.

15. The Plaintiffs each sought a Section 8 tenant based voucher from the Atlanta Housing Authority and provided the necessary paperwork.

16. The Atlanta Housing Authority, however, refused to give the Plaintiffs vouchers based on their criminal background checks. Such refusal was in violation of federal law, regulations, and the Housing Authority's own policies.

## DELORES TAYLOR

17. Ms. Taylor resides at 2903 Landrum Drive, Apt. 4, Atlanta, GA 30311 with her son, age 16, and her two daughters, ages 14 and 4 months.

18. Ms. Taylor has been a participant in the project-based Section 8 Housing Assistance Program administered by the U.S. Department of Housing and Urban Development during the entire term of her residency there.

19. When her apartment complex concluded its participation in the project-based Section 8 program, Ms. Taylor became eligible to receive an enhanced tenant-based Section 8 voucher administered by Defendant AHA.

20. Ms. Taylor submitted the materials required by Defendant AHA in its screening procedure, and by letter dated April 4, 2005, Ms. Taylor was informed that she was denied housing program assistance.

21. Ms. Taylor mailed a proper and timely appeal of this determination by letter dated April 22, 2005.

22.     Ms. Taylor was provided a reconsideration hearing before Administrative Hearing Officer Angela Chadwick on May 24, 2005, and by a hearing decision dated July 6, 2005 the initial determination was upheld based on claimant's record of criminal activity.

23.     By letter, Ms. Taylor appealed the decision of the Administrative Hearing Officer to Janice Stewart, Senior Vice President for AHA. Ms. Stewart responded by a letter dated informing Ms. Taylor that her appeal was denied.

24.     At her hearing, Ms. Taylor testified that the 1987 charges for carrying a pistol without a license and carrying a concealed weapon resulting from her borrowing a gun of her brother's, and she stated that she did not intend to do any harm with the weapon. Ms. Taylor received probation for these offenses, successfully completed it, and has since applied for the charges to be expunged from her record. In an affidavit, Ms. Taylor stated in 1993 the police came to her apartment because one of the people visiting her apartment had brought drugs to the property. She was upstairs and did not know that he had brought drugs or a weapon. Her two friends were arrested, but she was not arrested at the time. She was subpoenaed to come to court the following day. She was charged with violating the Georgia Controlled Substances Act. She refused to testify against her friends and the police, therefore, refused to drop the charges. She served four years in prison.

25.     All of the charges on Ms. Taylor's criminal background check are more than 12 years old. She has had no trouble with the law since 1993, and her landlord from her current apartment complex considers her to be a good tenant who has never caused a

6

problem. As such, Ms. Taylor poses no threat to health, safety, or welfare meriting her denial of a Housing Assistance Voucher.

26.     Because of her low income, if Ms. Taylor loses her subsidized housing, she and her three children will have no place to live and they would be homeless.

## LATISHIA WILLIAMS

27.     Ms. Williams resided at 2897 Landrum Drive, Apt. 4, Atlanta, GA 30311 with her nephew from 2001 up through when she moved out this month.

28.     Ms. Williams has been a participant in the project-based Section 8 Housing Assistance Program administered by the U.S. Department of Housing and Urban Development during the entire term of her residency there.

29.     When her apartment complex concluded its participation in the project-based Section 8 program, Ms. Williams became eligible to receive an enhanced tenant-based Section 8 voucher administered by Defendant AHA.

30.     Ms. Williams submitted the materials required by Defendant AHA in its screening procedure. Ms. Williams was informed by letter that she was denied housing program assistance.

31.     Ms. Williams mailed a proper and timely appeal of this determination by letter.

32.     Ms. Williams was provided a reconsideration hearing on June 30, 2005, and by a hearing decision the initial determination was upheld based on claimant's record of criminal activity.

33. By letter dated July 26, 2005, counsel for Ms. Williams appealed the decision of the Administrative Hearing Officer to Janice Stewart, Senior Vice President for Defendant AHA.

34. At her hearing, Ms. Williams testified that the charge against her for discharging a firearm did not involve her, and presented evidence that the charge had been dismissed. In addition, Ms. Williams testified that the 1990 aggravated assault charges against her resulted from her defending herself from a physical attack. Defendant AHA presented no evidence at her hearing besides the criminal background report demonstrating that Ms. Williams had committed these alleged crimes.

35. At her hearing, Ms. Williams also testified that the 1991 aggravated assault charge against her was a result of self-defense, and that this charge was later reduced. Ms. Williams testified that in 1998 she pled guilty to assaulting a police officer, in order to avoid serious punishment, only because a witness at the scene who agreed to testify on her behalf died before trial. Lastly, Ms. Williams testified that after being pulled over by a police officer, she resisted the officer only as a result of his rough treatment of her. But she did not commit battery against the officer, and this charge was later dismissed. Defendant AHA presented no evidence at her hearing besides the criminal background report demonstrating that Ms. Williams had committed these alleged crimes.

36. Six years ago, Ms. Williams' sister had a son. As Ms. Williams' sister is a drug addict, Ms. Williams took the child in and raised him as her own. She has continued to do that up through today, and she testified at her hearing that this new responsibility

caused her to stop making bad choices and hanging around the wrong people. Since then she has had no trouble with the law. In fact, the landlord of her apartment complex has written a letter indicating that she is a good tenant.

37. Because of her low income, if Ms. Williams loses her subsidized housing, she and her nephew will have no place to live and they would be homeless. She is currently living with family, but she does not know how long she will be able to stay.

## VII. CLAIMS FOR RELIEF

### FIRST CLAIM

38. Defendants have violated 42 U.S.C.A. § 1437f(t)(2) and Section 524(d) of the Multifamily Assisted Housing Reform and Affordability Act of 1997 by failing to provide enhanced Section 8 vouchers to the Plaintiffs.

39. The Plaintiffs do not have an adequate remedy at law. A balancing of the equities favors granting an injunction for the Plaintiffs. Therefore, the Plaintiffs are entitled to a temporary restraining order, preliminary and permanent injunctive, declaratory, and monetary relief.

### SECOND CLAIM

40. Defendants violated 24 C.F.R §982.203(a) by failing to use program funding provided by the Department of Housing and Urban Development for its intended purpose, which in part included funding Plaintiffs' Section 8 vouchers.

41. The Plaintiffs do not have an adequate remedy at law. A balancing of the equities favors granting an injunction for the Plaintiffs. Therefore, the Plaintiffs are entitled

9

to injunctive, declaratory, and monetary relief.

### THIRD CLAIM

42. Defendants have violated the Moving to Work statute, their Moving to Work Agreement with HUD, and their own administrative plan by denying Plaintiffs' Section 8 vouchers for criminal background as none of the Plaintiffs could reasonably be determined to be a threat to the health, safety, or welfare of others.

43. The Plaintiffs do not have an adequate remedy at law. A balancing of the equities favors granting an injunction for the Plaintiffs. Therefore, the Plaintiffs are entitled to a temporary restraining order, preliminary and permanent injunctive, declaratory, and monetary relief.

### FOURTH CLAIM

44. Defendants have violated the Due Process Clause of the Fifth and Fourteenth Amendments to the Constitution of the United States by depriving the Plaintiffs of property without due process of law.

45. The Plaintiffs do not have an adequate remedy at law. A balancing of the equities favors granting an injunction for the Plaintiffs. Therefore, the Plaintiffs are entitled to a temporary restraining order, preliminary and permanent injunctive, declaratory, and monetary relief.

## FIFTH CLAIM

46. Defendants have violated the due process clause of the Constitution of the State of Georgia, Art. I, §1, ¶ 1, by depriving the Plaintiffs of property without due process of law.

47. The Plaintiffs do not have an adequate remedy at law. A balancing of the equities favors granting an injunction for the Plaintiffs. Therefore, the Plaintiffs are entitled to a temporary restraining order, preliminary and permanent injunctive, declaratory, and monetary relief.

## SIXTH CLAIM

48. Defendants did not have the legal right to deny Section 8 vouchers to the Plaintiffs based on criminal history because the right to terminate or deny the subsidy was waived.

49. The Plaintiffs do not have an adequate remedy at law. A balancing of the equities favors granting an injunction for the Plaintiffs. Therefore, the Plaintiffs are entitled to a temporary restraining order, preliminary and permanent injunctive, declaratory, and monetary relief.

## VIII. PRAYER FOR RELIEF

**WHEREFORE** the Plaintiff prays that this Court:

(a) Assume jurisdiction over this action;

(b) Allow this action to proceed *in forma pauperis*;

(c) Issue a declaratory judgment that the Defendants' termination of the Plaintiffs' Section 8 assistance was contrary to law and void, and was made without due process of law;

(d) Issue a declaratory judgment stating that Defendant AHA must give enhanced vouchers to all tenants at Landrum Arms Apartments who were part of the project-based Section 8 program at the time the subsidy contract ended;

(e) Issue a temporary restraining order and preliminary and permanent injunctions requiring the Defendants to restore and provide the Plaintiffs' Section 8 housing assistance;

(f) Try this cause before a jury;

(g) Award the Plaintiff actual, or in the alternative nominal and general damages; and

(h) Grant such other relief that is just and proper under the circumstances.

Respectfully submitted this ___30th___ day of August, 2005.

_____
C. Talley Wells
Georgia Bar Number 747657

ATLANTA LEGAL AID SOCIETY, INC.
1514 E. Cleveland Ave, Suite 100
East Point, GA   30344
404-669-0233
FAX: 404-669-0944